WALLACE, JUDGE:
The claimants, Macil J. Null and Melvin L. Null, filed their claim in the amount of $20,000.00 before this Court against the Board of Regents. Attached to the claim is a copy of the deed dated *289 September 11, 1975 executed by the claimants to the Board of Regents conveying the southern half of Lot 7, Block 1 as shown on the map of the Town of Montgomery and described as a parcel of land fronting approximately 40 feet on Fayette Pike extending northerly 45 feet, 8 inches. The deed was signed and acknowledged by the claimants on October 14, 1975.
The only testimony given on behalf of the claimants was offered by the claimant, Macil J. Null. She testified that she acquired the property in the name of Macil L. Jeffrey in 1946 and further that she and her husband, the claimant, Melvin L. Null, resided for 30 years in the property which was located at 806 — 80614 Fayette Pike, Montgomery, West Virginia. She stated that the description in the deed to the Board of Regents was incorrect, that the size of the lot was 45 feet 8 inches by 60 feet. Mrs. Null acknowledged that she and her husband agreed to sell the property to the respondent for $27,000.00.
The claimants contend that representatives of the respondent did not discuss nor negotiate the sale with them. Mrs. Null testified that the consideration should have been $50,000.00 but she would settle for $20,000.00, the amount of the claim. She further stated that she was a graduate of West Virginia Institute of Technology and also had sold real estate.
The respondent introduced as its Exhibit No. 1 a copy of a map showing the properties acquired by it including the claimants’ property. The map shows claimants’ property fronting 40 feet on Fayette Pike and extending northerly 45 feet 8 inches, the same as the description in the deed. The map shows a parcel between the north side of claimants’ property and the south line of property owned by one Riggio, which claimants maintained should be included in their deed.
Respondent also introduced as its Exhibit No. 2 a copy of its letter to the claimant, Macil Null, dated April 7, 1975 entitled: “Subject: Tax Parcel 156, part of Lot 7, Block 1 of Montgomery (806 Fayette Pike)”. The letter stated in part:
“The purpose of this letter is to make you a firm offer of $27,000 for the subject property, with the right reserved for you to remove any items from the premises after completion of the sale ...
This sale can be closed upon certification of your title as good and marketable by the state’s attorney. If you desire to *290 accept this offer, please affix your signature to the enclosed copy of this letter on the line so designated and return it to this office no later than April 30, 1975.”
This letter is signed as accepted by Macil J. Null.
The claimant, Macil J. Null, testified that she and her husband agreed to sell their property “under pressure because we couldn’t be heard and because we had so much illness...”. She further admitted that she received and signed the letter to accept the respondent’s offer to buy her property for $27,000.00. She also admitted that she and her husband signed and acknowledged the deed to the respondent on October 14, 1975, consummating the sale.
It is apparent from the record that the claimants agreed to sell their property for $27,000.00. There is no evidence that the property was worth more than the agreed consideration except Mrs. Null’s statement that the consideration should have been $50,000.00. If there was a mistake in the description as to the proper size of the lot, that is a matter for the respondent to determine. Mrs. Null testified that she sold real estate and claims she had some knowledge in real estate transactions. If the amount offered for her property was insufficient, she was not obliged to accept. She could have refused the offer and let the issue of fair market valué be determined in a condemnation suit.
Based on the record, the Court is of the opinion and does disallow the claim.
Claim disallowed.